United States District Court
Southern District of Texas
**ENTERED**
October 22, 2015
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANGELA A. LARA, § | | |
| (TDCJ-CID #01582486) § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| VS. § | CIVIL ACTION NO. H-15-2778 | |
| § | | |
| WILLIAM STEPHENS, § | | |
| § | | |
| Respondent. § | | |

**MEMORANDUM ON DISMISSAL**

Angela A. Lara has filed a petition for habeas corpus relief under 28 U.S.C. § 2254 challenging a 2009 state conviction for aggravated robbery. (Cause Number 48501). She challenges a conviction in the 268th Judicial District Court of Fort Bend County, Texas.

On April 4, 2012, Lara filed a federal petition for a writ of habeas corpus, Civil Action Number H-12-1037, collaterally attacking her 2009 conviction for aggravated robbery. On February 20, 2013, this court denied Lara's claims on the merits.

In the instant federal petition filed on September 21, 2015, Lara challenges the same conviction for aggravated robbery. (Docket Entry No. 1, Petition for a Writ of Habeas Corpus, pp. 6-7).

The issue of whether a habeas corpus petition is successive may be raised by the district court *sua sponte*. *Rodriguez v. Johnson*, 104 F.3d 694, 697 (5th Cir. 1997). This court lacks jurisdiction to consider Lara's petition as it is a "successive" application governed by the amendments to the

AEDPA requiring that the Fifth Circuit authorize the district court to consider the application before it is filed in the district court.

Title 28 U.S.C. § 2244(b)(3)(A) (1998) provides, "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." There is no indication on the record that the United States Court of Appeals for the Fifth Circuit has authorized this court to consider Lara's successive application, and therefore, this court lacks jurisdiction to consider Lara's habeas claims.[1]

Lara's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is DISMISSED for lack of jurisdiction.

SIGNED at Houston, Texas, on Oct. 21, 2015.

VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE

---

[1] When a civil action is filed in a court and that court finds that there is a want of jurisdiction, the court shall transfer the action to any other court in which the action could have been brought at the time it was filed. 28 U.S.C. § 1631. The action shall proceed as if it had been filed in the court to which it is transferred on the date upon which it was actually filed in the court from which it was transferred. *Id.*

From Lara's litigation history, the court determines that Lara is capable of refiling this suit in the United States Court of Appeals for the Fifth Circuit.